UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| TRON KENT, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| v. | ) | No. 1:16-CV-173 JCH |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent, | ) |  |

### MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Movant requests sentencing relief under the recent Supreme Court case of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Based on the following reasons, the motion will be denied.

In *Johnson*, the Court held the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), to be unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

After a jury trial, movant was convicted of two counts of being a felon in possession of a firearm, two counts of possessing a firearm in furtherance of a drug trafficking offense, one count of possessing cocaine base with intent to distribute, one count of possessing child pornography and one count of producing child pornography. *See United States v. Kent*, 1:06-CR-88 JCH (E.D.Mo 2007). Movant was sentenced on August 13, 2007, to a total term of life imprisonment.[1]

When calculating movant's offense level under the United States Sentencing Guidelines, the Court first had to group the offenses into those that involved the same victim and/or those that were connected by a common scheme or plan. *See* U.S.S.G. 3D1.2. For the first base offense level, the Court grouped Counts One, Three and Five.[2] The Court then applied Section 2D1.1(a)(3) to find the base offense level, which refers to the Drug Quantity Table. Section 2D1.1 does not contain an enhancement for prior "crimes of violence." Additionally, for those counts, movant's sentence was not enhanced under the ACCA or Chapter 4 of the Guidelines. That is, movant's sentence was not affected by the holding in *Johnson* because his sentence was not enhanced for any prior "crime of violence."

For Counts Six and Seven, the base offense level was found in Section 2G2.1(a) of the Guidelines, which refers to Sexual Exploitation of a Minor. Again, this section of the Guidelines

---

[1] Movant received life imprisonment as to each of the counts of possessing a firearm in furtherance of a drug trafficking offense. Each term was given consecutively. Movant also received life sentences on one of the felon in possession of a firearm charges and the possession with intent to distribute charge. These terms were to run concurrently. Movant received 120 months' imprisonment on a second felon in possession charge, as well as the charge of possession of child pornography. He received 360 months' imprisonment on the charge of child exploitation/production of child pornography. These terms were to run concurrently.

[2] Counts 2 and 4, possession of a firearm in furtherance of a drug trafficking crime, are specifically excluded from being grouped together for guideline calculation purposes, as the statute specifies a specific term of imprisonment to be imposed to run consecutively to any other term of imprisonment. This part of the statute was not affected by the holding in *Johnson*.

does not contain an enhancement for crimes of violence, nor was movant's sentence enhanced under Chapter 4 in this section.

In the last section of the Sentencing Report, movant received a Multiple Count Adjustment, pursuant to 3D1.4 of the U.S.S.G, "Determining the Combined Offense Level." In this section, movant did receive a Chapter 4 enhancement, however, the enhancement was for two prior controlled substance offenses only.

As noted above, *Johnson* dealt with enhancements for "crimes of violence," but does not apply to enhancements for controlled substance offenses. Therefore, *Johnson* does not apply to movant's case. As a result, movant's motion to vacate will be denied. *See* Rule 4 of the Rules Governing Habeas Corpus.

Finally, movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that defense counsel's motion to withdraw [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to vacate is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will be filed separately.

Dated this 9th day of September, 2016.

/s/ Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE